UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DIVISION

CASE NO.: 1:21-cv-24412

SHEDIMAR DE LA RIVA,
CLAUDIA GIL, ADRIANA GIL C.,
EDUARDO LA RIVA C.

    Plaintiffs,

v.

SUNTRUST BANK,

    Defendant.
_____/

## AMENDED NOTICE OF REMOVAL[1]

**COMES NOW** Defendant, Truist Bank, formerly known as SunTrust Bank ("Truist"), by and through undersigned counsel and pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this action from the Circuit Court of Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division. In support of this notice of removal, Truist states as follows:

---

[1] The amended notice of removal clarifies the Plaintiff's country of domicile.

## INTRODUCTION

1. Plaintiffs, Shedir de La Riva, Claudia Gil, Adriana Gil C. and Eduardo La Riva C. ("Plaintiffs") commenced this action by filing a complaint against Truist Bank, formerly known as SunTrust Bank, Inc. in the Circuit Court of Miami-Dade County, Florida, Case Number 2021-025111-CA-04 (24) on or about November 12, 2021.

2. Plaintiffs' complaint asserts that Truist was negligent in allegedly permitting fraud and theft of funds from their bank account. ¶ 20.

3. Based on these allegations, Plaintiffs seek to recover damages from Truist with in an amount exceeding $271,020.00. Compl. ¶ 10.

4. This Court has jurisdiction over all of Plaintiffs' claims under 28 U.S.C. § 1332, which provides federal district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, and where the action is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

    A. **The Parties are Completely Diverse.**

5. Complete diversity exists between Plaintiffs and Truist in this matter.

6. The Plaintiffs are citizens of and domiciled in Venezuela.

7. Truist Bank is organized under the laws of North Carolina with its principal place of business in Charlotte, North Carolina, and is a wholly-owned subsidiary of Truist Financial Corporation.

8. Truist Financial Corporation was formed by the merger of SunTrust Banks, Inc. with and into BB&T Corporation on December 6, 2019, the merger of SunTrust Bank Holding Company into BB&T Corporation on December 7, 2019, and BB&T Corporation's subsequent change of its name to Truist Financial Corporation (also on December 7, 2019). On December 7,

2019, SunTrust Bank merged with and into Branch Banking and Trust Company. Branch Banking and Trust Company was renamed Truist Bank. SunTrust Bank was a wholly-owned subsidiary of SunTrust Banks, Inc.

9. Truist Financial Corporation is organized under the laws of North Carolina with its principal place of business in Charlotte, North Carolina.

10. Accordingly, the parties are completely diverse, as Plaintiffs are citizens of Venezuela, and Truist is a citizen of North Carolina.

B. **The Amount in Controversy Exceeds $75,000.**

11. Removal is also proper because the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of interest and costs.

12. In the Complaint, Plaintiffs seek to recover against Truist damages in excess of $271,020.00 under two causes of action sounding in negligence and gross negligence/recklessness. *See* Compl. ¶ 15-32.

13. The amount in controversy therefore exceeds $75,000, exclusive of interest and costs.

14. Accordingly, this case is properly removable because it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ADOPTION AND RESERVATION OF DEFENSES**

15. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Truist's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to

join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## PROCEDURAL REQUIREMENTS

16. This case is a civil action within the meaning of 28 U.S.C. § 1441(a).

17. True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as **Exhibit "A"**, in conformity with 28 U.S.C. § 1446(a). There has been no other process, pleading, or order served upon Truist to date in this case.

18. This Notice of Removal is being filed, pursuant to 28 U.S.C. § 1446, within thirty days from September 22, 2021, the date Truist was served with a copy of the Complaint. *See* 28 U.S.C. § 1446(b).

19. The United States District Court for the Southern District of Florida, Miami Division, is the court and division embracing the place where this action is pending in state court.

20. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this notice of removal, Truist filed a copy of same with the clerk of the Clerk of Court in Miami-Dade County, Florida, as well as a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

21. Truist reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

22. To the extent remand is sought by Plaintiff or otherwise visited by this Court, Truist requests the opportunity to brief the issues and submit additional arguments and evidence, and to be heard at oral argument.

23. All defendants consent to the removal of this cause of action.

**WHEREFORE, PREMISES CONSIDERED,** Truist prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.

DATED: December 22, 2021.

                                                                Respectfully submitted,

*/s/ Nicholas S. Agnello*
**Nicholas S. Agnello, Esq. (FL Bar No. 90844)**
BURR & FORMAN LLP
350 East Las Olas Boulevard, Suite 1440
Ft. Lauderdale, FL 33301
Telephone: (954) 414-6200
Facsimile: (954) 414-6201
Primary Email: FLService@burr.com
Secondary Email: nagnello@burr.com
Secondary Email: rzamora@burr.com

David Elliott, Esq. (FL Bar No. 94237)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 244-5631
Facsimile: (205) 244-5631
Primary Email: delliott@burr.com
Secondary Email: cwingate@burr.com
Secondary Email: sfoshee@burr.com
*Counsels for Defendant Truist Bank, formerly known as SunTrust Bank, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 22, 2017, I electronically filed the foregoing with the Clerk of Court using CM/ECF. **I FURTHER CERTIFY** that a copy of the foregoing was served by electronic mail upon:

Victor K. Rones, Esq.
LAW OFFICES OF VICTOR K. RONES, P.A.
16105 NE 18th Avenue
North Miami Beach, FL 33162
Email: law@victorkronespa.com
*Counsel for Plaintiff*

*/s/ Nicholas S. Agnello*
Nicholas S. Agnello, Esq. (FL Bar No. 90844)
BURR & FORMAN LLP